

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 17, 1961

Honorable V. D. Housworth
Executive Secretary
State Board of Barber Examiners
State Office Building
Austin, Texas

Opinion No. WW-1116

Re: Whether an instructor now engaged as such in an approved barber school and who holds a Class "A" assistant registered barber certificate is eligible for a teacher's license on the effective date of House Bill 829, Acts of the 57th Legislature, Regular Session, Chapter 287, page 601.

Dear Mr. Housworth:

You have requested an opinion concerning the question of:

"In accordance with provisions covering the licensing of barber school teachers, as outlined in H.B. 829, 57th Legislature, Section 9, Article (f), subsections 1, 2 and 3, would an instructor now engaged as such in one of the approved barber schools, but who holds only an Assistant Class "A" license, be eligible for a Teachers license, or for the examination for Teachers license, when the Law becomes effective on August 28, 1961?"

House Bill 829, Acts of the 57th Legislature, Regular Session, 1961, Chapter 287, page 601 amends Section 9 of Article 734a, Vernon's Penal Code, and provides in Subsection (f) thereof that:

". . . Each school shall have at least one (1) teacher who has a teacher's certificate issued by the Board upon examination and who is capable and qualified to teach the curriculum outlined herein to the students of such school. All such teachers are required to obtain a teacher's certificate from the Board and, in addition to requirements set forth by the Board, must meet the following requirements:

'(1) Demonstrate their ability to teach the said curriculum outlined herein through a written and practical test to be given by the Board.

'(2) <u>Hold a current certificate as a registered "Class A" barber under this law</u>.

'(3) Demonstrate to the Board that such applicant is qualified to teach and instruct, to be determined at the discretion of the Board, and show evidence that the applicant has had at least six (6) months experience as a teacher in an approved school or college in Texas or in another state approved by the Board, or have completed a six-month post graduate course as a teacher in an approved barber school or college in Texas.

". . . All persons engaged in teaching in a barber school or college at the time this law becomes effective, and who shall have had at least six (6) months experience as a teacher in a barber school or college in Texas <u>and who is a 'Class A' registered barber</u> shall be exempt from such examination to be given by the Board if such applicant shall, within sixty (60) days after the date this law becomes effective, make application to the Board . . ." (Emphasis added)

Since an individual holding a "Class A" <u>assistant</u> registered barber certificate, pursuant to the provision of Section 8 of Article 734a, does not meet with the mandatory requirement in Section 9 (f)(2) of Article

734a, that applicants for a teacher's certificate must:

". . . Hold a current certificate as
a registered 'Class A' barber . . .",

we are of the opinion that an individual now engaged as
an instructor or teacher in an approved barber school
or college and who holds only a "Class A" assistant
registered barber certificate would not be eligible
for a teacher's certificate or to take the examination
or test therefor until he has first obtained his "Class
A" registered barber certificate pursuant to the pro-
visions of Section 7 of Article 734a.

## S U M M A R Y

A "Class A" assistant registered
barber engaged as an instructor
in an approved barber school or
college on the effective date of
House Bill 829, would not be
eligible for a teacher's certifi-
cate or to take the test therefor
until such time as he has first
obtained his "Class A" registered
barber certificate.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Pat Bailey
Assistant

PB:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
W. O. Shultz, II
Glenn R. Brown
James H. Broadhurst

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays